UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MISTY WALLACE-BARNES,        )
                             )
         Plaintiff,          )
                             )
v.                           )        CV422-017
                             )
KILOLO KIJAKAZI,             )
                             )
         Defendant.          )

REPORT AND RECOMMENDATION

Plaintiff Misty Wallace-Barnes seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm,

1

even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet

2

> or medically equal a listed impairment. *Id.*
> § 404.1520(a)(4)(iii). If not, the ALJ must then determine at
> step four whether the claimant has the [residual functional
> capacity ("RFC")] to perform her past relevant work. *Id.* §
> 404.1520(a)(4)(iv). If the claimant cannot perform her past
> relevant work, the ALJ must determine at step five whether
> the claimant can make an adjustment to other work,
> considering the claimant's RFC, age, education, and work
> experience. An ALJ may make this determination either by
> applying the Medical Vocational Guidelines or by obtaining
> the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can

adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.   BACKGROUND

Wallace-Barnes was 41 years old when she applied for DIB in July 2019.  Tr. 177-181.  She alleges a disability onset date of January 15, 2019.  Tr. 177.  She completed high school and some college courses.  Tr. 35.  She has past work experience as teacher assistant.  Tr. 20, 37-38.  After a hearing, tr. 28-56, the ALJ issued an unfavorable decision, tr. 7-27.

The ALJ found that Wallace-Barnes' inflammatory myopathy, right shoulder degenerative joint disease, major depressive order, generalized anxiety disorder, post-traumatic stress disorder, and obesity constituted severe impairments, but did not meet or medically equal a Listing.  Tr. 13-16.  The ALJ then found that Wallace-Barnes retained the RFC for sedentary work except:

> [T]he claimant can push/pull up to 10 pounds occasionally. The claimant can stand/walk up to 4 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday with normal breaks.  The claimant can occasionally climb ramps and stairs but may not climb ladders or scaffolds.  The claimant can frequently balance.  The claimant can occasionally stoop, kneel, crouch, and crawl.  The claimant can occasionally reach overhead and use foot controls.  The

> claimant can frequently handle, finger, and feel. The claimant cannot have concentrated exposure to wetness, vibration, unprotected heights, or other workplace hazards. The claimant is limited to simple, routine work; work involving simple, work related decisions with few, if any, workplace changes; and occasional interaction with coworkers, supervisors, and the public.

Tr. 16. Wallace-Barnes, he determined, could not perform her past relevant work, but could perform jobs that exist in significant numbers in the national economy. Tr. 20-22. Therefore, she was found to be not disabled. Tr. 22.

Wallace-Barnes appealed the ALJ's decision to the Appeals Council, which denied her request for review. Tr. 1-6. After exhausting her administrative remedies, she filed the instant lawsuit seeking judicial review of the ALJ's decision. *See* doc. 1. She argues the ALJ failed to properly consider her evidence regarding the impact of the side effects of her medications on her ability to work. Doc. 10 at 5-8; doc. 14 at 1-3. She also argues the ALJ failed to properly consider her evidence for excessive absenteeism and its impact on her ability to work. Doc. 10 at 8-10; doc. 14 at 3-4. The Commissioner responds that substantial evidence supports the ALJ's decision and that the ALJ appropriately considered

Wallace-Barnes' testimony about the side effects from her medications and the effects of her excessive absenteeism. *See* doc. 13 at 4-11.

## III. ANALYSIS

Wallace-Barnes first argues that the ALJ failed to "address or consider the Plaintiff's testimony or other evidence of record concerning medication side effects, nor how these side effects impacted her ability to work[.]" Doc. 10 at 8. The Eleventh Circuit has "stated than an ALJ has a duty to investigate the possible side effects of medications taken by a claimant." *McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x 615, 619 (11th Cir. 2007) (citing *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981)); *see also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). As the Eleventh Circuit explained in *Cowart*, "[i]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." 662 F.2d at 737. Therefore, the failure to make any findings regarding the effect of the claimant's prescribed medications upon her ability to work has been recognized as a reversible defect in the administrative proceedings. *Id.*

The fact that Plaintiff had been prescribed medications for her medical problems is not in dispute. The record reveals that Plaintiff's list

6

of medications included, among others: Calcipotriene, Cyclobenzaprine, Gabapentin, Hydroxyzine Pamoate, Nitroglycerine, Tizanidine, and Trazadone. *See* tr. 292-93; *see also id.* at 612 (listing different medications). The record also contains several complaints from Plaintiff about the side-effects of her medication. *See* tr. 237, 275. She testified about these side effects during the hearing. Tr. 43, 46-7. Yet, nowhere in his opinion does the ALJ discuss the possible effects that the extensive list of medications taken by Plaintiff may have on her ability to work, other than a brief acknowledgement that she "reported side effects of medication, including drowsiness." Tr. 17. This is despite the ALJ's consideration of the apparent efficacy of Plaintiff's pain medication in treating her inflammatory myopathy. Tr. 19. Although the ALJ generally found that Plaintiff's "statements about the intensity, persistence, and limiting effects of . . . her symptoms [were] partially inconsistent with the medical evidence of record," he did not discuss, at all, how he reached that conclusion relative to the alleged side-effects of her medications. *Id.*

Plaintiff persuasively argues that the failure by the ALJ in this case is like those mandating remand in numerous cases in this Court. Doc.

10 at 5-6 (citing *Waters v. Berryhill*, 2017 WL 694243, at *6-8 (S.D. Ga. Jan. 30, 2017), *adopted* 2017 WL 693275 (S.D. Ga. Feb. 21, 2017) (remanding case where the ALJ's decision did not adequately address the medicinal side effects reported by Plaintiff); *Cullars v. Astrue*, 2010 WL 364370, at *1, 6-7 (S.D. Ga. Feb. 1, 2010) (remanding case to the Commissioner for further consideration after finding "the ALJ failed to properly acknowledge the wide-ranging medications prescribed to Plaintiff, let alone address the side effects of Plaintiff's medications"); *Bigelow v. Astrue*, 2009 WL 464084, at *1, 3-5 (S.D. Ga. Feb. 24, 2009) (same); *Watton v. Astrue*, 2011 WL 1980535, at *6 (S.D. Ga. Apr. 21, 2011), *adopted* 2011 WL 1990675, (S.D. Ga. May 20, 2011) ("After acknowledging the serious side effects alleged by Plaintiff in his subjective testimony and finding that the medical evidence supported the existence of these side effects, it was error for the ALJ to discredit Plaintiff's subjective testimony as to the severity of the side effects without any discussion of the medication causing the side effects and nothing beyond a general reference to the totality of the medical evidence in the record.")). As Plaintiff's brief explains, the ALJ "did not address or consider the Plaintiff's testimony or other evidence concerning

8

medication side effects, nor how these side effects impacted her ability to work, aside from a single mention . . . almost in passing, that '[i]n a function report, the claimant reported side effects of medication, including drowsiness.'" Doc. 10 at 8 (quoting tr. 18). In Plaintiff's words, the ALJ "effectively ignored one of the major factors rendering her unable to work." *Id.* Therefore, like in the cases cited above, she argues the matter should be remanded. *Id.* This Court should agree.

In response, the Commissioner first argues the ALJ's summarization of Plaintiff's self-completed function report regarding the side effects of her medication is sufficient. Doc. 13 at 7. But this, without more, is not enough to show that the ALJ analyzed Plaintiff's subjective complaints of the alleged side effects. *See, e.g., Waters*, 2017 WL 694243, at *7 ("The Court is mindful Plaintiff must present evidence in support of his claim that medication side effects make him unable to work. [Cit.] Here, however, the Court cannot determine from the record whether the ALJ considered Plaintiff's complaints about the side effects of his prescription drugs . . . ." (citation omitted)). The Commissioner next argues that Plaintiff failed to cite "evidence that she complained of side effects to her doctors" or "objective medical evidence showing that she

9

actually had side effects from her medications that would have affected her ability to work." Doc. 13 at 7. But the ALJ did not make this observation. *See generally* tr. 16-20. As this Court stated in *Cullars*, "this is a determination that the ALJ should have made, but did not." 2010 WL 364370, at * 6.

The Commissioner's discussion of the medical records is also unavailing. *See* doc. 13 at 7 ("[T]he medical records do not appear to indicate that Plaintiff complained of side effects from [her] medications, as Plaintiff denied any drowsiness or issues when taking her medications."). This post-hoc justification is improper. The Court cannot now engage in analysis that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. *Mills v. Astrue*, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); *see also Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (The court cannot affirm the decision in this circumstance

10

"simply because some rationale might have supported the [law judge's] conclusion."). Despite the Commissioner's arguments, Plaintiff is correct, remand is appropriate.

Plaintiff also argues that the ALJ failed to include appropriate analysis of her excessive absenteeism. Doc. 10 at 8-10; *see also* doc. 14 at 3-4. Because the Court finds remand appropriate based on the issue identified with the ALJ's consideration of Plaintiff's alleged side effects from her medication, it need not reach these arguments. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record"); *see also Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings).

## IV. CONCLUSION

For the reasons explained above, this matter should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA