# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MISTY WALLACE-BARNES,   )
                       )
     Plaintiff,       )
                       )
v.                    )       CV422-017
                       )
KILOLO KIJAKAZI, Acting   )
Commissioner of Social Security, )
                       )
     Defendant.     )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 18. The Acting Commissioner has not opposed the request. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. For the reasons set forth below, it is **RECOMMENDED**[1] that plaintiff's motion be **GRANTED**.

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

## I.   BACKGROUND

The District Judge reversed and remanded plaintiff's social security appeal to the agency for further consideration, and judgment was entered in plaintiff's favor.  Docs. 16 (Remand Order) & 17 (Judgment).  Plaintiff then filed the instant motion requesting $8,274 in attorney's fees and reimbursement of the $402 filing fee.  Doc. 18 at 3; *see also* doc. 18-1.  The requested attorney's fees are comprised of 39.4 hours at a rate of $210 per hour.  Doc. 18-1 at 3.

## II.   ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'"  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)).  A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment.  *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).   Where an award is appropriate, the Court must also determine whether the number of hours

counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 16, and her request is timely, *see* doc. 17 (Judgment entered March 21, 2013), doc. 18 (Motion filed March 27, 2013). She has alleged that the Commissioner's position was not substantially justified, and the Commissioner has not refuted that assertion. *See* doc. 18 at 3; *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations

omitted).  Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable.  Counsel spent 39.4 hours total on the case.  *See* doc. 18 at 4; *see also* doc. 18-1.  The transcript totaled 669 pages, *see* doc. 9-1, and counsel distilled that record down into a persuasive brief arguing two discrete issues.  *See* doc. 10.  Counsel also prepared a reply brief.  Doc. 14.

Plaintiff's counsel seeks approval of an hourly rate of $210.  Doc. 18 at 3.  He argues that this hourly rate is less than his typical hourly rate in Social Security cases and less than the EAJA statutory cap of $125, adjusted for cost-of-living increases.  *Id.*  A cost-of-living increase is specifically mentioned in the Act as a factor justifying a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  The Court should approve counsel's proposed hourly rate as reasonable.  *See, e.g.*, *Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (finding rates of $206.60 and $219.63 per hour reasonable).

4

Applying this hourly rate, Plaintiff requests a fee award of $8,274.00 for the 39.4 hours of work. Doc. 18-1. Plaintiff also seeks reimbursement of a $402 filing fee. *Id.* "Special provision is made in the Equal Access to Justice Act for the reimbursement of filing fees under 28 U.S.C. § 2412(a)(2). Thus, reimbursement of the filing fee is clearly allowed." *Volk v. Astrue*, 2012 WL 5387967, at *1 (M.D. Fla. Nov. 2, 2012). The Court should **GRANT** the motion and award Plaintiff[2] $8,676, comprised of $8,274 in attorney's fees and $402 in costs.

## III.  CONCLUSION

The Court should **GRANT** Plaintiff's Motion for Attorney Fees. Doc. 18.

---

[2] Although Plaintiff's motion suggests that "Plaintiff's counsel" seeks payment of fees and costs, doc. 18 at 4, it is silent as to whether Plaintiff has assigned any EAJA award to her counsel. Nevertheless, in *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 15th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA